UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELISE JONES o/b/o T.M., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01513 ERW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Elise Jones' Motion for Attorney's Fees [doc. #39]. Plaintiff seeks attorney's fees in the amount of $986.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff's fee request includes an itemized statement of attorney and staff time expended in the case, and the sum sought by Plaintiff is not contested by the Defendant Social Security Administration.

The Court finds the award of attorney's fees is proper in this case. Section 2412 of the EAJA provides that "a court shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, Plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were incurred by the Plaintiff in the civil action in which she prevailed, and (iii) the defendant's position was not substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

There is no dispute that each of the elements is satisfied in this case. Plaintiff was the prevailing party in her suit challenging the Social Security Administration's decision denying benefits, and the costs sought were incurred as a result of that suit. Finally, the Court notes that the Commissioner has the burden of proving that the denial of benefits was substantially justified. *See Lauer*, 321 F.3d at 764. The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion. *Id.* The standard is whether the Secretary's position is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Id.* The Commissioner has not satisfied his burden of showing that the position he asserted was "clearly reasonable" and therefore cannot satisfy his burden of showing that the denial of benefits was substantially justified. The Court concludes that the Plaintiff is entitled to attorney's fees.

The Court next looks at the amount requested. Plaintiff seeks attorney's fees in the amount of $170.00 an hour for 5.8 hours. The maximum hourly rate authorized by the EAJA is $120.00 per hour, however, the EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate if "the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See also Kelley v. Bowen,* 862 F.2d 1333, 1336 (8th Cir.1988). Plaintiff has submitted the Cost of Living figures, which were obtained from the Department of Labor website, in support of his request for fees at rates of $170.00 an hour. The Department of Labor website provides a formula for calculating the appropriate cost of living adjustment, which equals a rate of $170.00 per hour. Therefore, the Court will award attorney's fees in the amount of $986.00.

The Plaintiff further requests that the award be made care of Gateway Legal Services, Inc. However, the Plaintiff has not submitted a fee assignment agreement, and the general rule requires

that all attorney's fees be paid directly to the Plaintiff. *Manning v. Astrue*, 510 F.3d 1246, 1259-50 (10th Cir. 2007). Plaintiff has not presented the Court with evidence of an assignment of fees to Gateway Legal Services, Inc., therefore, the Court shall withhold its order as to the proper party to receive the fees for ten (10) days. Unless an assignment of fees is received by the Court during that time, the Court shall enter an order that the fees be paid directly to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees [doc. #29] is **held in abeyance**. Plaintiff shall submit a copy of the fee agreement within ten (10) days of the date of this order. If no fee agreement has been submitted at that time, the Court will order the fees to be paid to Plaintiff.

Dated this 7th Day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE